UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RANDY M. ROBINSON (#32149)

VERSUS                                             CIVIL ACTION

JANICE CARROLL, ET AL                              NUMBER 10-718-RET-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 8, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RANDY M. ROBINSON (#32149)

VERSUS											CIVIL ACTION

JANICE CARROLL, ET AL					NUMBER 10-718-RET-DLD

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at East Baton Rouge Parish Prison, Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Janice Carroll, Dwayne Robinson, Marshal Robinson, Willie Robinson, Gwen Williams, Angelo Robinson and the Baton Rouge Police Department.  Plaintiff alleged that his siblings conspired to deny him access to his father's estate.

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful,

fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that his siblings Janice Carroll, Marshal Robinson, Willie Robinson, Angelo Robinson, Dwayne Robinson and Gwen Williams conspired to deny him access to his father's estate.  Plaintiff alleged the defendants repeatedly reported him to the police until he was eventually arrested and imprisoned.  Plaintiff alleged that he has no access to the assets of his father's estate while he is confined in prison.

To state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  *Victoria W. V. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).  A "person acting under color of state law" is one who is a "state actor," and such persons are generally those employed by the State or for whom the State is responsible.  *West v. Atkins*, 487 U.S. 42, 49-50, 108 S.Ct. 2250, 2255 (1988).

Plaintiff's claim against his siblings is not viable in a § 1983 action.

Plaintiff also named the Baton Rouge Police Department as a defendant.  Plaintiff alleged that unidentified police officers on unspecified dates beat him in the middle of the street and kicked his door open with guns in their hands ready to shoot him.

Subsection (e) of 42 U.S.C. § 1997e provides:

(e) Limitation on recovery.  No Federal civil action may be brought by a

prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the plaintiff's allegations showed that the plaintiff failed to allege that he sustained any physical injury as a result of the alleged incidents.

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and 42 U.S.C. § 1997e(e).

Signed in Baton Rouge, Louisiana, on December 8, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**